# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 24, 2008

136377

SELFLUBE, INC.,
          Plaintiff,

v

JJMT, INC., and JAMES A. DEHAAN,
        Defendants/Cross-
        Defendants/Fourth-Party
        Defendants-Appellees,
and

ACTION INDUSTRIAL SUPPLY COMPANY,
        Defendant/Cross-Plaintiff/Third-
        Party Plaintiff,

v

H.S. DIE & ENGINEERING, INC.,
        Third-Party Defendant/Fourth-
        Party Plaintiff-Appellant,
and

THOMAS WOOD,
        Defendant.

_____/

SC: 136377
COA: 261743
Kent CC: 03-005407-CK

Clifford W. Taylor,
    Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
    Justices

On order of the Court, the application for leave to appeal the March 25, 2008 judgment of the Court of Appeals is considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether the circumstances of the instant case are meaningfully distinguishable from those before this Court in *State Treasurer v Abbott,* 468 Mich 143 (2003), and whether, in light of any such distinguishing circumstances, the permanent injunction's requirements — including that any transfer of funds from defendant James DeHaan's interest in defendant H.S. Die & Engineering, Inc.'s ("HSD") 401(k) plan may be made only to a financial institution selected by HSD — are prohibited by 29 USC 1056(d)(1), ERISA's anti-alienation provision; (2) whether *DaimlerChrysler Corp v Cox*, 447 F3d 967 (CA 6, 2006), should affect this Court's analysis of this case; and (3) whether the permanent injunction is contrary to, and

preempted by, 29 USC 1104(a)(1)(D), which provides that "a fiduciary [of an ERISA-qualified plan] shall discharge its duties with respect to a plan solely in the interests of the participants and beneficiaries and … in accordance with the documents and instruments governing the plan."

The AARP, the Michigan Association for Justice, the Michigan Defense Trial Counsel, Inc., the Michigan Chamber of Commerce and the American Bar Association Joint Committee on Employee Benefits are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 24, 2008

_____
Clerk

s0917